ROBERT S. LARSEN, ESQ.
Nevada Bar No. 7785
RACHEL WISE, ESQ.
Nevada Bar No. 3998
GORDON & REES LLP
300 South Fourth Street, Suite 1550
Las Vegas, Nevada 89101
Telephone: (702) 577-9300
Direct: (702) 577-9301
Facsimile: (702) 255-2858
E-Mail: rlarsen@gordonrees.com
         rwise@gordonrees.com

*Attorneys for Xerxes Corporation*

```
┌─────────────────────────────────────┐
│ ___ FILED              ___ RECEIVED  │
│ ___ ENTERED            ___ SERVED ON │
│        COUNSEL/PARTIES OF RECORD     │
│      ┌──────────────────────┐        │
│      │                      │        │
│      │     APR 04 2017       │        │
│      │                      │        │
│      └──────────────────────┘        │
│        CLERK US DISTRICT COURT       │
│          DISTRICT OF NEVADA          │
│ BY:_____          │
│                         ___DEPUTY    │
└─────────────────────────────────────┘
```

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TRUCK INSURANCE EXCHANGE, A/S/O LV PETROLEUM, LLC, a Nevada limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> XERXES CORPORATION, a Delaware corporation; WESTEST INCORPORATED, an Arizona corporation; DOES 1 through 10; and ROE CORPORATIONS 1 through 10, <br><br> Defendants. | Case No. <br><br><br><br><br> **NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that defendant, Xerxes Corporation, a Delaware corporation with its principal place of business in Minnesota ("Xerxes"), hereby removes this action from the Eighth Judicial District Court in and for Clark County, Nevada to the United States District Court for the District of Nevada pursuant to 28 U.S.C. §§ 1332 and 1441. In support of removal, Xerxes states as follows:

**NOTICE OF REMOVAL**

## I.   THE STATE COURT ACTION

1.   On or about January 24, 2017, Plaintiff, Truck Insurance Exchange, A/S/O LV Petroleum, LLC, a Nevada limited liability company, filed a civil action in the District Court of Clark County, Nevada, captioned *Truck Insurance Exchange, et. al. v. Xerxes Corporation, et. al.,* Case No. A-17-750000-C (the "State Court Action" or "Complaint"). A true and correct copy of the Complaint is attached hereto as Exhibit A.

2.   The allegations in the complaint relate to the designing, manufacturing, and selling of underground petroleum storage tanks. The Complaint alleges that three of the underground petroleum storage tanks sold by Xerxes cracked, allowing for water and other external contaminates to enter the tank and contaminate the gasoline stored therein. Compl. (Ex. A) ¶¶8, 11.

3.   As set forth more fully below, this cause is properly removed to the United States District Court for the District of Nevada, pursuant to 28 U.S.C. §§ 1332 and 1441, because the procedural requirements for removal are satisfied: there is complete diversity of citizenship between Plaintiff and the properly joined and served Defendant; the amount in controversy exceeds $75,000, exclusive of interest and costs; and this Notice of Removal has been filed within thirty days after Xerxes' receipt of service of the initial Complaint. 28 U.S.C. § 1446(b)(1).

## II.   ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED.

4.   Pursuant to 28 U.S.C. § 1441(a), true and correct copies of all summons, process, pleadings, and orders filed in the State Court Action are attached hereto as Exhibit A.

5.   Plaintiff's Complaint was filed in the District Court of Clark County, Nevada on January 24, 2017. *See* Ex. A. The Complaint was served on Xerxes on March 7, 2017. *Id.* An extension was granted on March 20, 2017.

6.   To the knowledge of Xerxes and its counsel, Defendant, Westest Incorporated has not been served. *See* 28 U.S.C. § 1446(b)(2) (requiring only joined and served defendants to consent to removal).

-1-

7.    Xerxes, as the only joined and served defendant, consents to the removal of this action to federal district court.  28 U.S.C. § 1446(b).

8.    This notice of removal has been timely filed on April 3, 2017, because less than 30 days have passed since Xerxes received service of the initial Compliant.

9.    The United States District Court for the District of Nevada embraces the locality in which the State Court Action is now pending, making this Court the proper forum pursuant to 28 U.S.C. § 1441(a).

10.    No previous application has been made for the relief requested herein.

11.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff, and a copy is being filed with the District Court of Clark County, Nevada.

12.    If any question arises regarding the propriety of this removal action, Xerxes respectfully requests the opportunity to present briefing and/or oral argument in support of its position that the case is removable.

## III.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

13.    Federal jurisdiction exists based upon diversity of citizenship pursuant to 28 U.S.C. § 1332, because this is a civil action between citizens of different states.  Further, Plaintiff has indicated that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  *See* April 8, 2016, Letter attached hereto as Exhibit B and incorporated herein, *see also* 28 U.S.C. § 1441.

### A.    Complete Diversity of Citizenship Exists.

14.    Plaintiff is alleged a citizen of the State of Nevada.  Compl. (Ex. A) ¶ 1.

15.    Defendant Xerxes is a Delaware corporation with its principal place of business in Minnesota.  Compl. (Ex. A) ¶ 3.

16.    For diversity purposes, Xerxes is a citizen of Delaware and Minnesota.  28 U.S.C. § 1332(c).

17.    There is diversity of citizenship between Plaintiff and the served Defendant in this action.

-2-

**NOTICE OF REMOVAL**

**B.     The amount in Controversy Exceeds $75,000.**

18.     Plaintiff's Complaint does not expressly state the amount in controversy, as Nevada Rule of Civil Procedure 8(a) precludes a plaintiff from including a specific amount of damages other than "for damages in excess of 10,000 dollars." Further, Nevada Revised Statute 38.250(1)(a) requires Plaintiff to expressly identify when probably jury damages are in excess of $50,000, and therefore exempt from arbitration. Therefore, the specific damage amount identified by Plaintiff is $50,000.

19.     On or around April 8, 2016, Williams & Associates, PC, on behalf of Truck Insurance Exchange and their insurance representative, Farmers, ("Farmers") provided Xerxes with a demand for payment in the amount of $271,819.45.[1] *See* Exhibit B.

20.     Demand for payment by Farmers has identified that alleged damages, exclusive of interest and costs, well exceeds the $75,000.00 jurisdictional limit.

21.     Additionally, when a complaint does not allege a specific amount of damages, "the district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount has been satisfied." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *see also Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002); *accord Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1063 (11th Cir. 2010) (noting that the court "found no case in any other circuit that purports to prohibit a district court from employing its judicial experience or common sense in discerning whether the allegations in a complaint facially establish the jurisdictionally required amount in controversy.").

22.     It is facially apparent from the Complaint that the amount in controversy exceeds $75,000.00. Plaintiff claims that the Xerxes' underground petroleum storage tanks were in a defective condition at the time of "manufacture, distribution, sale, and/or installing" three underground petroleum storage tanks. Compl. (Ex. A) ¶ 44. Additionally, Plaintiff claims that Xerxes provided insufficient warnings and/or instructions with the underground petroleum

---

[1] Xerxes disagrees with the contentions and allegations made in the April 8, 2016 letter. However, the factual contentions are not relevant for this Notice of Removal. Rather, the letter is referred to only for demonstrating that the alleged damages exceed the $75,000 threshold for diversity jurisdiction.

-3-

**NOTICE OF REMOVAL**

storage tanks concerning the hazards associated with it.  Compl. (Ex. A) ¶ 39.  Plaintiff seeks reimbursement for property damage, business income loss, and additional damages in the total amount of $271,819.45.  April 8, 2016, Letter (Ex. B) at 3.  Plaintiff seeks recover attorneys fees and costs in this matter.  Compl. (Ex. A) ¶ 7, 28, 35, 41, 46, 52.  Additionally, Plaintiff

23.  Given the nature of the alleged injuries, the scope of damages requested, and the request for exemption from arbitration, the Complaint satisfies the jurisdictional amount requirement.

C.  **Notice to State Court of Removal**

24.  Defendant shall promptly give notice of this Notice of Removal to Federal Court to the state court in which this action was filed.

IV.  **CONCLUSION**

For all the foregoing reasons, the State court Action may be removed to the United States District Court for the District of Nevada, the federal district court for the district and division embracing Clark County.  *See* 28 U.S.C. § 1441(a).  Xerxes respectfully requests that the Court assume full jurisdiction over this action as if Plaintiff had originally filed his claims in this Court.

DATED:  April 3, 2017                              Respectfully submitted,

GORDON & REES, LLP

*/s/ Robert S. Larsen*
Robert S. Larsen, Esq.
Nevada Bar No. 7785
Rachel Wise, Esq.
Nevada Bar No. 12303
300 South Fourth Street, Suite 1550
Las Vegas, Nevada 89101

*Attorneys for Xerxes Corporation*

-4-
**NOTICE OF REMOVAL**

## CERTIFICATE OF MAILING

I hereby certify under penalty of perjury that I am an employee of GORDON & REES LLP, and that on the 3rd day of April, 2017, the foregoing NOTICE OF REMOVAL was served via U.S. Mail, postage prepaid first class, upon the following:

Robert S. Qualey, Esq.
Cybill L. Dotson, Esq.
QUALEY LAW GROUP
2320 Paseo Del Prado, B-205
Las Vegas, NV 89102

*Attorneys for Plaintiff*

_/s/ Gayle Angulo_
An Employee of GORDON & REES, LLP

8011106/32281431v.1

-5-

**NOTICE OF REMOVAL**

# EXHIBIT "A"

Complaint and Affidavit of Service

**DISTRICT COURT CIVIL COVER SHEET**
CLARK COUNTY, Nevada
Case No. _____

A-17-750000-C
XXVIII

---

## I. Party Information

Plaintiff(s) (name/address/phone): TRUCK INSURANCE EXCHANGE, A/S/O LV PETROLEUM, LLC, a Nevada limited liability company,

Attorney: QUALEY LAW GROUP
Robert S. Qualey, Esq./NV Bar #003570
Cybill L. Dotson, Esq./NV Bar #008428
2320 Paseo Del Prado B-205, Las Vegas, Nevada 89102
(702) 474-0672

Defendant(s) (name/address/phone): XERXES CORPORATION, a Delaware corporation; WESTEST INCORPORATED, an Arizona corporation; DOES 1 through 10; and ROE CORPORATIONS 1 through 10,

Attorney (name/address/phone):

---

## II. Nature of Controversy *(please select the one most applicable filing type below)*

### Civil Case Filing Types

| Real Property | | Torts |
|---|---|---|
| **Landlord/Tenant** <br> ☐ Unlawful Detainer <br> ☐ Other Landlord/Tenant <br> **Title to Property** <br> ☐ Judicial Foreclosure <br> ☐ Other Title to Property <br> **Other Real Property** <br> ☐ Condemnation/Eminent Domain <br> ☐ Other Real Property | **Negligence** <br> ☐ Auto <br> ☐ Premises Liability <br> ☐ Other Negligence <br> **Malpractice** <br> ☐ Medical/Dental <br> ☐ Legal <br> ☐ Accounting <br> ☐ Other Malpractice | **Other Torts** <br> ☐ Product Liability <br> ☐ Intentional Misconduct <br> ☐ Employment Tort <br> ☐ Insurance Tort <br> ☐ Other Tort |
| **Probate** | **Construction Defect & Contract** | **Judicial Review/Appeal** |
| **Probate** (select case type and estate value) <br> ☐ Summary Administration <br> ☐ General Administration <br> ☐ Special Administration <br> ☐ Set Aside <br> ☐ Trust/Conservatorship <br> ☐ Other Probate <br> **Estate Value** <br> ☐ Over $200,000 <br> ☐ Between $100,000 and $200,000 <br> ☐ Under $100,000 or Unknown <br> ☐ Under $2,500 | **Construction Defect** <br> ☐ Chapter 40 <br> ☐ Other Construction Defect <br> **Contract Case** <br> ☐ Uniform Commercial Code <br> ☐ Building & Construction <br> ☐ Insurance Carrier <br> ☐ Commercial Instrument <br> ☐ Collection of Accounts <br> ☐ Employment Contract <br> ☒ Other Contract | **Judicial Review** <br> ☐ Foreclosure Mediation Case <br> ☐ Petition to Seal Records <br> ☐ Mental Competency <br> **Nevada State Agency Appeal** <br> ☐ Department of Motor Vehicle <br> ☐ Worker's Compensation <br> ☐ Other Nevada State Agency <br> **Appeal Other** <br> ☐ Appeal from Lower Court <br> ☐ Other Judicial Review/Appeal |

| Civil Writ | | Other Civil Filing |
|---|---|---|
| **Civil Writ** <br> ☐ Writ of Habeas Corpus <br> ☐ Writ of Mandamus <br> ☐ Writ of Quo Warrant | ☐ Writ of Prohibition <br> ☐ Other Civil Writ | ☐ Compromise of Minor's Claim <br> ☐ Foreign Judgment <br> ☐ Other Civil Matter |

*Business Court filings should be filed using the Business Court civil coversheet.*

1/3/17
Date:

_____
Signature of initiating party or representative/170000

Electronically Filed
01/24/2017 11:41:20 AM

**CLERK OF THE COURT**

QUALEY LAW GROUP
Robert S. Qualey, Esq.
State Bar No. 3570
Cybill L. Dotson, Esq.
Nevada Bar Number 008428
2320 Paseo Del Prado, B-205
Las Vegas, Nevada 89102
(702) 474-6677
nevadacollections@qualeylawfirm.com
Attorneys for Plaintiff

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

\* \* \* \* \*

| | |
|---|---|
| TRUCK INSURANCE EXCHANGE, A/S/ O LV PETROLEUM, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>XERXES CORPORATION, a Delaware corporation; WESTEST INCORPORATED, an Arizona corporation; DOES 1 through 10; and ROE CORPORATIONS 1 through 10,<br><br>Defendants. | Case No: A-17-750000-C<br>Dept. No:<br><br>XXVIII<br><br>**COMPLAINT** |

QUALEY LAW GROUP
ATTORNEYS AT LAW
2320 PASEO DEL PRADO, BLDG B, SUITE 205
LAS VEGAS, NEVADA 89102
TELEPHONE (702) 474-6677 FACSIMILE (702) 474-6576

COMES NOW Plaintiff TRUCK INSURANCE EXCHANGE, as Subrogee of LV PETROLEUM LLC (hereinafter sometimes collectively referred to as "Plaintiff"), by and through its counsel of record, and by way of this Complaint against Defendants (1) XERXES CORPORATION and (2) WESTEST INCORPORATED (hereinafter sometimes collectively referred to as "Defendants"), hereby allege and aver as follows:

**PARTIES AND JURISDICTION**

1.      Plaintiff TRUCK INSURANCE EXCHANGE is an insurance company duly licensed and authorized to engage in the business of property and casualty insurance in the state of Nevada, and was the insurer of LV PETROLEUM, LLC on all pertinent dates mentioned in

this Complaint.

2.     LV PETROLEUM, LLC is a Nevada Limited Liability Company duly formed under the laws of the State of Nevada and authorized to conduct business in Clark County, Nevada. LV PETROLEUM, LLC maintains and operates commercial property located at 7790 W. Sahara Avenue in Las Vegas, Nevada 89117. The commercial property mentioned in this Paragraph is in the business of selling gasoline.

3.     Defendant XERXES CORPORATION is a corporation duly incorporated under the laws of the State of Delaware, with its principal place of business in Minnesota, and authorized to conduct business in Clark County, Nevada.

4.     Defendant WESTEST INCORPORATED is a business duly incorporated under the laws of the State of Arizona and authorized to conduct business in Clark County, Nevada.

5.     The true names and capacities herein designated as DOES 1 through 10 and ROE CORPORATIONS 1 through 10 are unknown to Plaintiff at this time. As such, Plaintiff sues said Defendants by such fictitious names. Plaintiff hereby alleges that each named Defendant herein designated as DOE or ROE are in some manner contractually, vicariously, or otherwise legally responsible for the events and occurrences herein described, and proximately caused the damages sustained by Plaintiff. Plaintiff will ask leave of the Court to amend this Complaint to insert the true names and capacities of such Defendants when the same has been ascertained, and will ask further leave to join any such defendants in these proceedings.

6.     Jurisdiction and venue for this action is appropriate in Clark County, Nevada because all happenings forming the subject matter of this action occurred in Clark County, Nevada during all relevant times mentioned herein.

7.     It has been necessary for Plaintiff to retain the services of an attorney to prosecute this action, and Defendants should be required to pay reasonable attorney fees along with costs incurred to collect this judgment.

QUALEY LAW GROUP
ATTORNEYS AT LAW
2110 PASEO DEL PRADO, BLDG D, SUITE 205
LAS VEGAS, NEVADA 89102
TELEPHONE (702) 474-6677 FACSIMILE (702) 474-6676

2

QUALEY LAW GROUP
ATTORNEYS AT LAW
2300 PASEO DEL PRADO, BLDG B, SUITE 205
LAS VEGAS, NEVADA 89102
TELEPHONE (702) 474-4677 FACSIMILE (702) 474-4676

## GENERAL ALLEGATIONS

8.    Plaintiff repeats and realleges all preceding Paragraphs in this Complaint as though fully set forth herein.

9.    Defendant XERXES CORPORATION is regularly engaged in the business of designing, manufacturing, and selling, underground petroleum storage tanks, among other similar products.  Such tanks are sold by XERXES CORPORATION throughout the United States and abroad.

10.    XERXES CORPORATION manufactured and installed three of these storage gas tanks at 7790 W. Sahara Avenue in Las Vegas, Nevada 89117 in December 1991.  One was an 8-foot diameter 12,000 gallon DW-II (brine filled) tank.  These tanks were designed to hold, and actually held, unleaded, diesel, and premium gasoline while under LV Petroleum's control.  (These tanks are hereinafter sometimes collectively referred to as the "SUBJECT PRODUCTS").

11.    Since installed, LV PETROLEUM, LLC has properly used and maintained the SUBJECT PRODUCTS in accordance with industry standards.

12.    On or about December 30, 2014, Mr. Val Amiel, operator of LV PETROLEUM, LLC discovered that one if the subject storage gas tanks had cracked, allowing for water and other external contaminates to enter the tank and contaminate the gasoline stored therein.

13.    On or about March 3, 2015, Mr. Val Amiel, operator of LV PETROLEUM, LLC discovered that one of the other two subject storage gas tanks had cracked, allowing for water and other external contaminates to enter the tank and contaminate the gasoline stored therein.

14.    On or about April 23, 2015, Mr. Val Amiel, operator of LV PETROLEUM, LLC discovered that the third subject storage gas tank had cracked, allowing for water and other external contaminates to enter the tank and contaminate the gasoline stored therein.

15.    On more than one occasion before December 30, 2014, WESTEST INCORPORATED had performed numerous tank tightness tests on all of the SUBJECT PRODUCTS, and line leak tests on the fuel system located at 7790 W. Sahara Avenue in Las Vegas, Nevada 89117.

3

QUALEY LAW GROUP
ATTORNEYS AT LAW
3110 PASEO DEL PRADO, BLDG. D, SUITE 205
LAS VEGAS, NEVADA 89102
TELEPHONE (702) 474-4677 FACSIMILE (702) 474-4676

16.   In January 2015, WESTEST INCORPORATED entered into a contract with LV PETROLEUM, LLC, specifically for the purpose of inspecting and testing the subject storage gas tank that began to fail as of December 30, 2014, to determine the cause of the cracking. WESTEST INCORPORATED, on at least one occasion beginning in January 2015, performed a type of pressurized test on that subject storage gas tank. LV PETROLEUM, LLC later learned that the types of pressurized tests WESTEST INCORPORATED conducted on that subject storage gas tank were improper, and should not have been utilized when testing for leaks on petroleum storage tanks possessing the characteristics of the SUBJECT PRODUCT.

17.   WESTEST INCORPORATED's utilization of improper testing techniques exacerbated the already weakened structural integrity of that subject storage gas tank and unnecessarily prolonged not only that subject storage gas tank's repair process, but LV PETROLEUM, LLC'S business operations' return to normalcy.

18.   XERXES CORPORATION'S sale and installation of a defective product, combined with WESTEST INCORPORATED'S utilization of an improper testing technique on the subject storage gas tank that began to fail as of December 30, 2014, caused LV PETROLEUM, LLC to incur damages in the form of property damage, pecuniary loss, loss of business profits, repair and testing costs, and liability payments to a third-party in excess of $10,000.

19.   XERXES CORPORATION'S sale and installation of two defective products – the subject storage gas tank that began to fail on or about March 3, 2015 and the other subject storage gas tank that began to fail on or about April 23, 2015 - caused LV PETROLEUM, LLC to incur damages in the form of property damage, pecuniary loss, loss of business profits, repair and testing costs, and liability payments to a third-party in excess of $10,000.

20.   WESTEST INCORPORATED's utilization of improper testing techniques on the subject storage gas tanks that began to fail as of March 3, 2015 and April 23, 2015, exacerbated the already weakened structural integrity of those tanks defectively manufactured by XERXES, and unnecessarily negatively impacted LV PETROLEUM, LLC'S business operations.

21.   According to the terms of an insurance policy issued to LV PETROLEUM, LLC by

4

QUALEY LAW GROUP
ATTORNEYS AT LAW
1120 PASEO DEL PRADO, BLDG B, SUITE203
LAS VEGAS, NEVADA 89102
TELEPHONE (702) 474-4677 FACSIMILE (702) 474-4678

TRUCK INSURANCE EXCHANGE, TRUCK INSURANCE EXCHANGE compensated LV PETROLEUM, LLC for the damages it sustained caused by Defendants' actions.

22.    Plaintiff is informed and believes, and thereon alleges, that the Defendants named herein as DOES 1 through 10 and/or ROE CORPORATIONS 1 through 10, inclusive, were the agents, partners, servants, alter-egos, subcontractors, joint venturers, predecessors-in-interest, successors, parents, subsidiaries, and/or employees of each of the remaining Defendants, and were at all times mentioned herein, acting within the course, scope, and authority of said agency, employment, and/or relationship.

23.    Plaintiff is informed and believes, and thereon alleges, that the Defendants designated herein as DOES 1 through 10 and/or ROE CORPORATIONS 1 through 10, and each of them, were negligently or in some other actionable manner responsible for the events, happenings, financial obligations and legal obligations referred to herein, and have in some actionable manner caused the events, happenings, breaches and damages herein alleged by Plaintiff.

## FIRST CLAIM FOR RELEF

### (Breach of Express Warranty against XERXES CORPORATION)

24.    Plaintiff repeats and realleges all preceding Paragraphs in this Complaint as though fully set forth herein.

25.    XERXES CORPORATION, DOES 1 through 10, and ROE CORPORATIONS 1 through 10, attach an express warranty to each underground petroleum storage tank they manufacture. The express warranty states that, absent improper use and/or maintenance of the tank by its operator, the tank will not fail for a period of thirty (30) years from the date of original delivery by Xerxes.

26.    As the SUBJECT PRODUCTS failed less than thirty (30) years after the date of their installation, XERXES CORPORATION, DOES 1 through 10, and ROE CORPORATIONS 1 through 10 have breached the express warranty that accompanied the SUBJECT PRODUCTS.

5

QUALEY LAW GROUP
ATTORNEYS AT LAW
3310 PASEO DEL PRADO, BLDG D, SUITE 205
LAS VEGAS, NEVADA 89102
TELEPHONE (702) 474-4677 FACSIMILE (702) 474-4676

27. As a result of said breach, Plaintiff has suffered damages in excess of $10,000.

28. As a result of said breach, Plaintiff has been forced to retain legal counsel to prosecute this subrogation action, and Plaintiff is entitled to recover its attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF

## (Breach of Implied Warranty of Merchantability against XERXES CORPORATION)

29. Plaintiff repeats and realleges all preceding Paragraphs in this Complaint as though fully set forth herein.

30. XERXES CORPORATION, DOES 1 through 10, and ROE CORPORATIONS 1 through 10, as regular sellers of the SUBJECT PRODUCTS qualify as "merchants" as defined in N.R.S. § 104.2314(1).

31. As the SUBJECT PRODUCTS failed less than thirty (30) years after the date of installation, the SUBJECT PRODUCT has failed to conform to the promises and/or affirmations of fact accompanying its sale.

32. Because of such premature failure, the SUBJECT PRODUCTS were unfit for the ordinary purpose for which they were sold and used.

33. Due to such failures, XERXES CORPORATION, DOES 1 through 10, and ROE CORPORATIONS 1 through 10 have breached the SUBJECT PRODUCTS' Implied Warranty of Merchantability.

34. As a result of said breach, Plaintiff has suffered damages in excess of $10,000.

35. As a result of said breach, Plaintiff has been forced to retain legal counsel to prosecute this subrogation action, and Plaintiff is entitled to recover its attorneys' fees and costs.

///

///

6

QUALEY LAW GROUP
ATTORNEYS AT LAW
1320 PASEO DEL PRADO, ALDO A, SUITE203
LAS VEGAS, NEVADA 8102
TELEPHONE (702) 474-6577 FACSIMILE (702) 474-6676

## THIRD CLAIM FOR RELIEF

### (Strict Product Liability against XERXES CORPORATION)

36.    Plaintiff repeats and realleges all preceding Paragraphs in this Complaint as though fully set forth herein.

37.    XERXES CORPORATION, DOES 1 through 10, and ROE CORPORATIONS 1 through 10 were the manufacturers, sellers, and installers of the SUBJECT PRODUCTS.

38.    The SUBJECT PRODUCTS were in a defective condition at the time of manufacture, distribution, sale, and/or installation because the SUBJECT PRODUCTS' primary and/or secondary wall were unable to withstand the ordinary and foreseeable conditions of its use.

39.    The SUBJECT PRODUCTS were in a defective condition at the time of manufacture, distribution, sale, and/or installation because insufficient instructions and/or warnings were provided concerning the hazards associated with its use.

40.    The defective condition of the SUBJECT PRODUCT was the direct and proximate cause of damages sustained by Plaintiff in excess of $10,000.

41.    As a result of said damages, Plaintiff has been forced to retain legal counsel to prosecute this subrogation action, and Plaintiff is entitled to recover its attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF

### (Negligence against XERXES CORPORATION)

42.    Plaintiff repeats and realleges all preceding Paragraphs in this Complaint as though fully set forth herein.

43.    XERXES CORPORATION, DOES 1 through 10, and ROE CORPORATIONS 1 through 10 had a duty to consumers and users of its products, including LV PETROLEUM, to exercise reasonable care in the sale, design, labeling, warning, manufacture, and installation of its products.

7

44. XERXES CORPORATION, DOES 1 through 10, and ROE CORPORATIONS 1 through 10 breached said duty by manufacturing, distributing, selling, and/or installing the SUBJECT PRODUCTS, which were unreasonably defective and/or hazardous even when used as intended under conditions of ordinary and foreseeable use.

45. These breaches of duty were the actual and proximate causes of the damages suffered by Plaintiff in excess of $10,000.

46. As a result of said damages, Plaintiff has been forced to retain legal counsel to prosecute this subrogation action, and Plaintiff is entitled to recover its attorneys' fees and costs.

## FIFTH CLAIM FOR RELIEF

### (Negligence against WESTEST INCORPORATED)

47. Plaintiff repeats and realleges all preceding Paragraphs in this Complaint as though fully set forth herein.

48. WESTEST INCORPORATED, DOES 1 through 10, and ROE CORPORATIONS 1 through 10 owed a duty to LV PETROLEUM, LLC to perform any and all of the afore-mentioned inspections and tests on all three of the SUBJECT PRODUCTS in a manner that would not negatively impact the structural integrity of the SUBJECT PRODUCTS.

49. As longstanding companies that are in the business of regularly providing underground tank leak and vapor testing services to businesses like LV PETROLEUM, LLC, WESTEST INCORPORATED, DOES 1 through 10, and ROE CORPORATIONS 1 through 10 are in a better position than LV PETROLEUM to have knowledge of, and ultimately employ, the proper inspecting and testing services based on the particular underground tanks they service.

50. WESTEST INCORPORATED's, DOES' 1 through 10, and ROE CORPORATIONS' 1 through 10 utilization of improper inspection and/or testing methods on the SUBJECT PRODUCTS before and after December 30, 2014 constituted a breach of that duty owed to LV PETROLEUM, LLC.

QUALEY LAW GROUP
ATTORNEYS AT LAW
1310 PASEO DEL PRADO, BLDG B, SUITE 205
LAS VEGAS, NEVADA 89102
TELEPHONE (702) 474-4677 FACSIMILE (702) 474-6676

8

51.     Said breach of duty was the actual and proximate cause of the damages suffered by Plaintiff in excess of $10,000.

52.     As a result of said damages, Plaintiff has been forced to retain legal counsel to prosecute this subrogation action, and Plaintiff is entitled to recover its attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

1.     An award in monetary damages under statutory and common law as alleged in this Complaint, in an amount in excess of $10,000 or an amount to be determined at trial;

2.     An award of pre-judgment and post-judgment interest at the maximum rate allowable by law;

3.     An award of reasonable attorneys' fees and reimbursement of costs incurred by Plaintiff and Plaintiff's counsel in connection with this action; and

4.     Any such other and further relief and the Court deems just and proper.

**Affirmation pursuant to NRS 239B.030**

The undersigned affirms that the foregoing document does not contain a social security number.

QUALEY LAW GROUP

By_____
Robert S. Qualey, Esq.
State Bar No. 3570
Cybill L. Dotson, Esq.
Nevada Bar Number 008428
2320 Paseo Del Prado, B-205
Las Vegas, Nevada 89102
Attorneys for Plaintiff/170000

9

MAR 9 2017

# CT Corporation

**Service of Process**
**Transmittal**
03/07/2017
CT Log Number 530810064

**TO:**  CRAIG PETERSON
XERXES CORPORATION
7901 Xerxes Ave S Ste 201
Minneapolis, MN 55431-1288

**RE:**  **Process Served in Delaware**

**FOR:**  Xerxes Corporation  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | TRUCK INSURANCE EXCHANGE, A/S/O LV PETROLEUM, LLC, etc., Pltf. vs. XERXES CORPORATION, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Affidavit, Complaint |
| **COURT/AGENCY:** | Clark County District Court, NV<br>Case # A17750000C |
| **NATURE OF ACTION:** | Defendant has breached the terms of contract entered with the plaintiff as a result of which plaintiff suffered from loss and damages |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/07/2017 at 12:45 |
| **JURISDICTION SERVED :** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service of this Summons upon you, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Robert S. Qualey<br>QUALEY LAW GROUP<br>2320 Paseo Del Prado<br>B-205<br>Las Vegas, NV 89102<br>(702) 474-6677 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1Z0399EX0131226762 |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | The Corporation Trust Company<br>1209 N Orange St<br>Wilmington, DE 19801-1120<br>302-658-7581 |

Page 1 of  1 / UK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

*SUMM*
QUALEY LAW GROUP
Robert S. Qualey, Esq.
State Bar No. 3570
Cybill L. Dotson, Esq.
State Bar No. 8428
2320 Paseo Del Prado B-205
Las Vegas, Nevada 89102
(702) 474-6677
nevadacollections@qualeylawfirm.com
Attorneys for Plaintiff

# District Court

## CLARK COUNTY, NEVADA

\* \* \* \* \* \* \* \* \* \*

TRUCK INSURANCE EXCHANGE, A/S/O LV PETROLEUM, LLC, a Nevada limited liability company,

          Plaintiff,

vs.

XERXES CORPORATION, a Delaware corporation; WESTEST INCORPORATED, an Arizona corporation; DOES 1 through 10; and ROE CORPORATIONS 1 through 10,

          Defendants.

Case No: A-17-750000-C
Dept No: XXVIII

*SUMMONS-CIVIL*

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE ABOVE-NAMED DEFENDANT: You are hereby summoned and required to serve upon Plaintiff's attorney, whose address is set forth below, an Answer to the Complaint which is herewith served upon you, within 20 days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.**

"This action is brought to recover a judgment in an amount in excess of $10,000.00."

1.    If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:

    a.    File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with appropriate filing fee.

Westest

b.    Serve a copy of your response upon the attorney whose name and address is shown below.

2.    Unless you respond, your default will be entered upon application of the plaintiff and this Court may enter a judgment against you for relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.    If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4.    The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

Issued at the direction of:

QUALEY LAW GROUP

By:_____
Robert S. Qualey, Esq.
Nevada Bar Number 003570
Cybill L. Dotson, Esq.
Nevada Bar Number 008428
2320 Paseo Del Prado #B-205
Las Vegas, Nevada 89102
(702) 474-6677
Attorneys for Plaintiff
170000

SHIMAYA LADSON

By:_____
DEPUTY CLERK                    Date

DISTRICT COURT SEAL    FEB 1 6 2017

Regional Justice Center
200 Lewis Avenue
Las Vegas, Nevada 89101

**Note: When service is by publication, add a brief statement of the object of the action. See Rules of Civil Procedure, Rule 4(b)**

APPROPRIATE COURTROOM ATTIRE REQUIRED
NO SHORTS, HALTER TOPS OR TANK TOPS
SHOES ARE REQUIRED
(NO FOOD OR DRINK PERMITTED)

Westest

*(margin, left side)* QUALEY LAW GROUP — ATTORNEYS AT LAW — 2320 PASEO DEL PRADO, BLDG B, SUITE 205 — LAS VEGAS, NEVADA 89102 — TELEPHONE (702) 474-6677 FACSIMILE (702) 474-6676

2

**AFFIDAVIT OF SERVICE**

STATE OF NEVADA      )
                     )   ss:
COUNTY OF CLARK      )

_____, being first duly sworn says:  That at all times herein affiant was and is over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made.   That affiant received _____ copies of the Summons and Complaint, _____ on the _____ day of _____, 2017, and served the same on the _____ day of _____, 2017, at _____ p.m./a.m., by:

**(Affiant must complete the appropriate paragraph)**

1.    Delivering and leaving a copy with the defendant _____ at (state address)_____.

2.    Serving the Defendant _____ by personally delivering and leaving a copy with _____, a person of suitable age and discretion residing at the Defendant's   usual   place   of   abode   located   at:   (state   address)
_____.

**(Use paragraph 3 for service upon agent, completing A or B)**

3.    Serving the Defendant by personally delivering and leaving a copy at:
(state address)   _____.

   a.   With _____ as _____,
        an agent lawfully designated by statute to accept service of process;

   b.   With_____ ,pursuant to NRS 14.020 as a person of suitable age
        and discretion at the above address, which address is the address of the resident agent
        as shown on the current certificate of designation filed with the Secretary of State.

Westest

3

4. Personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope postage prepaid (check the appropriate method):

_____ Ordinary mail
_____ Certified mail, return receipt requested
_____ Registered mail, return receipt requested

addressed to the defendant _____ at the Defendant's last known address which is (state address) _____.

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

_____
Signature of person making service

SUBSCRIBED and SWORN to before me this _____ day of _____, 2017.


_____
NOTARY PUBLIC in and for said
County and State
(SEAL)

170000
Westest

QUALEY LAW GROUP
ATTORNEYS AT LAW
2120 PASEO DEL PRADO, BLDG D, SUITE 204
LAS VEGAS, NEVADA 89102
TELEPHONE (702) 474-4677 FACSIMILE (702) 474-6676

Electronically Filed
01/24/2017 11:41:20 AM

CLERK OF THE COURT

QUALEY LAW GROUP
Robert S. Qualey, Esq.
State Bar No. 3570
Cybill L. Dotson, Esq.
Nevada Bar Number 008428
2320 Paseo Del Prado, B-205
Las Vegas, Nevada 89102
(702) 474-6677
nevadacollections@qualeylawfirm.com
Attorneys for Plaintiff

## DISTRICT COURT

## CLARK COUNTY, NEVADA

* * * * *

TRUCK INSURANCE EXCHANGE, A/S/O
LV PETROLEUM, LLC, a Nevada limited
liability company,

Plaintiff,

vs.

XERXES CORPORATION, a Delaware
corporation; WESTEST INCORPORATED, an
Arizona corporation; DOES 1 through 10; and
ROE CORPORATIONS 1 through 10,

Defendants.

Case No:   A-17-750000-C
Dept. No:

XXVIII

**COMPLAINT**

COMES NOW Plaintiff TRUCK INSURANCE EXCHANGE, as Subrogee of LV PETROLEUM LLC (hereinafter sometimes collectively referred to as "Plaintiff"), by and through its counsel of record, and by way of this Complaint against Defendants (1) XERXES CORPORATION and (2) WESTEST INCORPORATED (hereinafter sometimes collectively referred to as "Defendants"), hereby allege and aver as follows:

## PARTIES AND JURISDICTION

1.      Plaintiff TRUCK INSURANCE EXCHANGE is an insurance company duly licensed and authorized to engage in the business of property and casualty insurance in the state of Nevada, and was the insurer of LV PETROLEUM, LLC on all pertinent dates mentioned in

this Complaint.

2. LV PETROLEUM, LLC is a Nevada Limited Liability Company duly formed under the laws of the State of Nevada and authorized to conduct business in Clark County, Nevada. LV PETROLEUM, LLC maintains and operates commercial property located at 7790 W. Sahara Avenue in Las Vegas, Nevada 89117. The commercial property mentioned in this Paragraph is in the business of selling gasoline.

3. Defendant XERXES CORPORATION is a corporation duly incorporated under the laws of the State of Delaware, with its principal place of business in Minnesota, and authorized to conduct business in Clark County, Nevada.

4. Defendant WESTEST INCORPORATED is a business duly incorporated under the laws of the State of Arizona and authorized to conduct business in Clark County, Nevada.

5. The true names and capacities herein designated as DOES 1 through 10 and ROE CORPORATIONS 1 through 10 are unknown to Plaintiff at this time. As such, Plaintiff sues said Defendants by such fictitious names. Plaintiff hereby alleges that each named Defendant herein designated as DOE or ROE are in some manner contractually, vicariously, or otherwise legally responsible for the events and occurrences herein described, and proximately caused the damages sustained by Plaintiff. Plaintiff will ask leave of the Court to amend this Complaint to insert the true names and capacities of such Defendants when the same has been ascertained, and will ask further leave to join any such defendants in these proceedings.

6. Jurisdiction and venue for this action is appropriate in Clark County, Nevada because all happenings forming the subject matter of this action occurred in Clark County, Nevada during all relevant times mentioned herein.

7. It has been necessary for Plaintiff to retain the services of an attorney to prosecute this action, and Defendants should be required to pay reasonable attorney fees along with costs incurred to collect this judgment.



## GENERAL ALLEGATIONS

8. Plaintiff repeats and realleges all preceding Paragraphs in this Complaint as though fully set forth herein.

9. Defendant XERXES CORPORATION is regularly engaged in the business of designing, manufacturing, and selling, underground petroleum storage tanks, among other similar products. Such tanks are sold by XERXES CORPORATION throughout the United States and abroad.

10. XERXES CORPORATION manufactured and installed three of these storage gas tanks at 7790 W. Sahara Avenue in Las Vegas, Nevada 89117 in December 1991. One was an 8-foot diameter 12,000 gallon DW-II (brine filled) tank. These tanks were designed to hold, and actually held, unleaded, diesel, and premium gasoline while under LV Petroleum's control. (These tanks are hereinafter sometimes collectively referred to as the "SUBJECT PRODUCTS").

11. Since installed, LV PETROLEUM, LLC has properly used and maintained the SUBJECT PRODUCTS in accordance with industry standards.

12. On or about December 30, 2014, Mr. Val Amiel, operator of LV PETROLEUM, LLC discovered that one if the subject storage gas tanks had cracked, allowing for water and other external contaminates to enter the tank and contaminate the gasoline stored therein.

13. On or about March 3, 2015, Mr. Val Amiel, operator of LV PETROLEUM, LLC discovered that one of the other two subject storage gas tanks had cracked, allowing for water and other external contaminates to enter the tank and contaminate the gasoline stored therein.

14. On or about April 23, 2015, Mr. Val Amiel, operator of LV PETROLEUM, LLC discovered that the third subject storage gas tank had cracked, allowing for water and other external contaminates to enter the tank and contaminate the gasoline stored therein.

15. On more than one occasion before December 30, 2014, WESTEST INCORPORATED had performed numerous tank tightness tests on all of the SUBJECT PRODUCTS, and line leak tests on the fuel system located at 7790 W. Sahara Avenue in Las Vegas, Nevada 89117.

3

16.    In January 2015, WESTEST INCORPORATED entered into a contract with LV PETROLEUM, LLC, specifically for the purpose of inspecting and testing the subject storage gas tank that began to fail as of December 30, 2014, to determine the cause of the cracking. WESTEST INCORPORATED, on at least one occasion beginning in January 2015, performed a type of pressurized test on that subject storage gas tank. LV PETROLEUM, LLC later learned that the types of pressurized tests WESTEST INCORPORATED conducted on that subject storage gas tank were improper, and should not have been utilized when testing for leaks on petroleum storage tanks possessing the characteristics of the SUBJECT PRODUCT.

17.    WESTEST INCORPORATED's utilization of improper testing techniques exacerbated the already weakened structural integrity of that subject storage gas tank and unnecessarily prolonged not only that subject storage gas tank's repair process, but LV PETROLEUM, LLC'S business operations' return to normalcy.

18.    XERXES CORPORATION'S sale and installation of a defective product, combined with WESTEST INCORPORATED'S utilization of an improper testing technique on the subject storage gas tank that began to fail as of December 30, 2014, caused LV PETROLEUM, LLC to incur damages in the form of property damage, pecuniary loss, loss of business profits, repair and testing costs, and liability payments to a third-party in excess of $10,000.

19.    XERXES CORPORATION'S sale and installation of two defective products – the subject storage gas tank that began to fail on or about March 3, 2015 and the other subject storage gas tank that began to fail on or about April 23, 2015 - caused LV PETROLEUM, LLC to incur damages in the form of property damage, pecuniary loss, loss of business profits, repair and testing costs, and liability payments to a third-party in excess of $10,000.

20.    WESTEST INCORPORATED's utilization of improper testing techniques on the subject storage gas tanks that began to fail as of March 3, 2015 and April 23, 2015, exacerbated the already weakened structural integrity of those tanks defectively manufactured by XERXES, and unnecessarily negatively impacted LV PETROLEUM, LLC'S business operations.

21.    According to the terms of an insurance policy issued to LV PETROLEUM, LLC by

4

QUALEY LAW GROUP
ATTORNEYS AT LAW
6180 PALBO VERDE TRAIL, ITHACA, BLOG. B, SUITE 204
LAS VEGAS, NEVADA 89102
TELEPHONE (702) 474-4577 FACSIMILE (702) 474-4678

TRUCK INSURANCE EXCHANGE, TRUCK INSURANCE EXCHANGE compensated LV PETROLEUM, LLC for the damages it sustained caused by Defendants' actions.

22.    Plaintiff is informed and believes, and thereon alleges, that the Defendants named herein as DOES 1 through 10 and/or ROE CORPORATIONS 1 through 10, inclusive, were the agents, partners, servants, alter-egos, subcontractors, joint venturers, predecessors-in-interest, successors, parents, subsidiaries, and/or employees of each of the remaining Defendants, and were at all times mentioned herein, acting within the course, scope, and authority of said agency, employment, and/or relationship.

23.    Plaintiff is informed and believes, and thereon alleges, that the Defendants designated herein as DOES 1 through 10 and/or ROE CORPORATIONS 1 through 10, and each of them, were negligently or in some other actionable manner responsible for the events, happenings, financial obligations and legal obligations referred to herein, and have in some actionable manner caused the events, happenings, breaches and damages herein alleged by Plaintiff.

## FIRST CLAIM FOR RELEF

### (Breach of Express Warranty against XERXES CORPORATION)

24.    Plaintiff repeats and realleges all preceding Paragraphs in this Complaint as though fully set forth herein.

25.    XERXES CORPORATION, DOES 1 through 10, and ROE CORPORATIONS 1 through 10, attach an express warranty to each underground petroleum storage tank they manufacture. The express warranty states that, absent improper use and/or maintenance of the tank by its operator, the tank will not fail for a period of thirty (30) years from the date of original delivery by Xerxes.

26.    As the SUBJECT PRODUCTS failed less than thirty (30) years after the date of their installation, XERXES CORPORATION, DOES 1 through 10, and ROE CORPORATIONS 1 through 10 have breached the express warranty that accompanied the SUBJECT PRODUCTS.

27.    As a result of said breach, Plaintiff has suffered damages in excess of $10,000.

28.    As a result of said breach, Plaintiff has been forced to retain legal counsel to prosecute this subrogation action, and Plaintiff is entitled to recover its attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF

### (Breach of Implied Warranty of Merchantability against XERXES CORPORATION)

29.    Plaintiff repeats and realleges all preceding Paragraphs in this Complaint as though fully set forth herein.

30.    XERXES CORPORATION, DOES 1 through 10, and ROE CORPORATIONS 1 through 10, as regular sellers of the SUBJECT PRODUCTS qualify as "merchants" as defined in N.R.S. § 104.2314(1).

31.    As the SUBJECT PRODUCTS failed less than thirty (30) years after the date of installation, the SUBJECT PRODUCT has failed to conform to the promises and/or affirmations of fact accompanying its sale.

32.    Because of such premature failure, the SUBJECT PRODUCTS were unfit for the ordinary purpose for which they were sold and used.

33.    Due to such failures, XERXES CORPORATION, DOES 1 through 10, and ROE CORPORATIONS 1 through 10 have breached the SUBJECT PRODUCTS' Implied Warranty of Merchantability.

34.    As a result of said breach, Plaintiff has suffered damages in excess of $10,000.

35.    As a result of said breach, Plaintiff has been forced to retain legal counsel to prosecute this subrogation action, and Plaintiff is entitled to recover its attorneys' fees and costs.

///

///



## THIRD CLAIM FOR RELIEF

### (Strict Product Liability against XERXES CORPORATION)

36.    Plaintiff repeats and realleges all preceding Paragraphs in this Complaint as though fully set forth herein.

37.    XERXES CORPORATION, DOES 1 through 10, and ROE CORPORATIONS 1 through 10 were the manufacturers, sellers, and installers of the SUBJECT PRODUCTS.

38.    The SUBJECT PRODUCTS were in a defective condition at the time of manufacture, distribution, sale, and/or installation because the SUBJECT PRODUCTS' primary and/or secondary wall were unable to withstand the ordinary and foreseeable conditions of its use.

39.    The SUBJECT PRODUCTS were in a defective condition at the time of manufacture, distribution, sale, and/or installation because insufficient instructions and/or warnings were provided concerning the hazards associated with its use.

40.    The defective condition of the SUBJECT PRODUCT was the direct and proximate cause of damages sustained by Plaintiff in excess of $10,000.

41.    As a result of said damages, Plaintiff has been forced to retain legal counsel to prosecute this subrogation action, and Plaintiff is entitled to recover its attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF

### (Negligence against XERXES CORPORATION)

42.    Plaintiff repeats and realleges all preceding Paragraphs in this Complaint as though fully set forth herein.

43.    XERXES CORPORATION, DOES 1 through 10, and ROE CORPORATIONS 1 through 10 had a duty to consumers and users of its products, including LV PETROLEUM, to exercise reasonable care in the sale, design, labeling, warning, manufacture, and installation of its products.

7

44.    XERXES CORPORATION, DOES 1 through 10, and ROE CORPORATIONS 1 through 10 breached said duty by manufacturing, distributing, selling, and/or installing the SUBJECT PRODUCTS, which were unreasonably defective and/or hazardous even when used as intended under conditions of ordinary and foreseeable use.

45.    These breaches of duty were the actual and proximate causes of the damages suffered by Plaintiff in excess of $10,000.

46.    As a result of said damages, Plaintiff has been forced to retain legal counsel to prosecute this subrogation action, and Plaintiff is entitled to recover its attorneys' fees and costs.

## FIFTH CLAIM FOR RELIEF

### (Negligence against WESTEST INCORPORATED)

47.    Plaintiff repeats and realleges all preceding Paragraphs in this Complaint as though fully set forth herein.

48.    WESTEST INCORPORATED, DOES 1 through 10, and ROE CORPORATIONS 1 through 10 owed a duty to LV PETROLEUM, LLC to perform any and all of the afore-mentioned inspections and tests on all three of the SUBJECT PRODUCTS in a manner that would not negatively impact the structural integrity of the SUBJECT PRODUCTS.

49.    As longstanding companies that are in the business of regularly providing underground tank leak and vapor testing services to businesses like LV PETROLEUM, LLC, WESTEST INCORPORATED, DOES 1 through 10, and ROE CORPORATIONS 1 through 10 are in a better position than LV PETROLEUM to have knowledge of, and ultimately employ, the proper inspecting and testing services based on the particular underground tanks they service.

50.    WESTEST INCORPORATED's, DOES' 1 through 10, and ROE CORPORATIONS' 1 through 10 utilization of improper inspection and/or testing methods on the SUBJECT PRODUCTS before and after December 30, 2014 constituted a breach of that duty owed to LV PETROLEUM, LLC.

8

QUALEY LAW GROUP
ATTORNEYS AT LAW
2120 PASEO DEL PRADO, BLDG D, SUITE205
LAS VEGAS, NEVADA 89102
TELEPHONE (702) 474-4577  FACSIMILE (702) 474-4578

51.    Said breach of duty was the actual and proximate cause of the damages suffered by Plaintiff in excess of $10,000.

52.    As a result of said damages, Plaintiff has been forced to retain legal counsel to prosecute this subrogation action, and Plaintiff is entitled to recover its attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

1.    An award in monetary damages under statutory and common law as alleged in this Complaint, in an amount in excess of $10,000 or an amount to be determined at trial;

2.    An award of pre-judgment and post-judgment interest at the maximum rate allowable by law;

3.    An award of reasonable attorneys' fees and reimbursement of costs incurred by Plaintiff and Plaintiff's counsel in connection with this action; and

4.    Any such other and further relief and the Court deems just and proper.

### Affirmation pursuant to NRS 239B.030

The undersigned affirms that the foregoing document does not contain a social security number.

QUALEY LAW GROUP

By _____
Robert S. Qualey, Esq.
State Bar No. 3570;
Cybill L. Dotson, Esq.
Nevada Bar Number 008428
2320 Paseo Del Prado, B-205
Las Vegas, Nevada 89102
Attorneys for Plaintiff/170000.

9

MARA VELASCO
2149323601
CT - DALLAS SOP TEAM
1999 BRYAN STREET
DALLAS  TX 75201

**1.0 LBS    LTR**          **1 OF 1**

**SHIP TO:**
CRAIG  PETERSON
9528871807
XERXES CORPORATION
7901 XERXES AVE S STE 201
**MINNEAPOLIS   MN 55431**



# MN 551 9-01



# UPS NEXT DAY AIR          1

TRACKING #: 1Z 039 9EX 01 3122 6762

BILLING: P/P
DESC: SOP Documents

Reference No.1: SOP/1403403/530810064/Mara Velasco



X3L 17.01.08          NV45 84.0A 01/2017

# CT Packing Slip

CT Corporation

**UPS Tracking # :**    1Z0399EX0131228762

**Created By :**    Usha Kumari

**Created On :**    03/07/2017 01:59 PM

**Recipient :**

> **CRAIG PETERSON**
>
> Title :    –
>
> Customer :    XERXES CORPORATION
>
> Address :    7901 Xerxes Ave S Ste 201
>
> Email :    craig.peterson@xerxes.com
>
> Phone :    952-887-1807    Fax :    952-887-1870

**Package Type :**    Envelope

**Items shipped :**    1

| Log # | Case # | Entity Name |
|---|---|---|
| 530810064 | A17750000C | Xerxes Corporation |

# EXHIBIT "B"

Letter re: Truck Insurance Exchange Subrogation Claim

# WILLIAMS & ASSOCIATES, PC

## *Attorneys at Law*

711 Mall Ring Circle, Suite 101
Henderson, NV 89014
Telephone: (702) 331-4010   Facsimile: (702) 331-4011

<u>Connecticut Office</u>
20 Tower Lane, 205
Avon, CT 06001
Telephone: (860) 404-5017
Fax: (860) 404-2845

David M. Williams*
••••••••••••

Thomas J. Hackney*+
Roberta Johnson**
Matthew Di Sorbo+
Lauren Masotta+

Lic MA, NV*
Lic NV**
Lic MA, NV, FL, CT *+
Lic CT+

April 8, 2016

*Send via facsimilie to:* 952-887-1870
Xerxes, a ZCL Company
7901 Xerxes Avenue South
Minneapolis, MN 55431-1288

> Re: <u>Truck Insurance Exchange Subrogation Claim</u>
> Our Claim Number:    3002398389, 3003482751
> Our Insured:    LV Petroleum, LLC
> Dates of Loss:    12/30/2014 *and* 4/23/2015
> Amounts Recoverable:    $88,747.60; $147,586.00; and $35,485.85
>
> Total Amount Recoverable:    $271,819.45

To Whom This May Concern:

This office has been retained by Truck Insurance Exchange ("Farmers") to represent it in the above referenced claim. Farmers insures a property business, LV Petroleum LLC, located at 7790 West Sahara Avenue, in Las Vegas, Nevada.

### Facts of the Loss

LV Petroleum LLC ("LV Petroleum") operates a retail gas station business in Las Vegas, Nevada. This property has three undertround storage tanks manufactured by Xerxes Corporation ("Xerxes"), which were installed in December 1991. The three tanks are subject to a Xerxes thirty (30) year express warranty.

On February 4, 2015, Xerxes was contacted to inspect one of these tanks as water contamination had been found. Said contamination was first observed by LV Petroleum's operator/manager, Val Amiel, on or about December 30, 2014. Xerxes confirmed the leaks upon its crew's inspection of the tank on February 24, 2015. They found that the primary shell had delaminated separated from the secondary wall. Xerxes retained High Desert Petroleum to conduct repairs, but denied LV Petroleum the warranty coverage on the basis of their claim that the tank interstice had been over-pressurized by a third party testing agency.

Xerxes wrote: "Xerxes' Limited Warranty applies to tanks installed in accordance with the provisions of Xerxes' current *Installation Manual and Operating Guidelines.* Since Xerxes does not control the parameters of any installation or tank operation, our sole responsibility is as stated in our warranty." The repairs were then billed to LV Petroleum.

Subsequently, on or about March 3, 2015, LV Petroleum's diesel tank ruptured, causing the tank to be contaminated. Then, on April 23, 2015, water was discovered in the premium tank. Approximately 250 gallons of brine remained in the product lines of the premium tank, causing contamination. Ideco removed the brine from the tank and existing fuel was removed completely.

LV Petroleum contacted Farmers to report the loss. Farmers assigned a field adjuster to investigate the cause of loss and the investigation revealed that the tanks were subject to normal use and were regularly maintained by authorized contractors in accordance with the applicable instructions. The Farmers investigation further revealed that these tanks leaked due to premature wear and tear. Xerxes is the manufacturer of the tanks at LV Petroleum and the tanks were sold in a defective condition which resulted in premature delamination and leakage. Xerxes warranted LV Petroleum that the tanks would not fail for a period of thirty (30) years. The defective tanks sold by Xerxes were the direct and proximate cause of significant damages to LV Petroleum, including, but not limited to, the cost of contaminated petroleum and loss of business income. Xerxes is liable for their losses.

## Liability

In Nevada, a product manufacturer is liable to the customer if it sells a product in a defective condition, and is responsible for any harm caused by that defective product.[1] In addition, a product manufacturer who fails to exercise reasonable care in the manufacture of its product is liable for the resulting damage caused by the failure of the product.[2] A product is considered defective when the product fails to perform as safely as an ordinary consumer would expect when used as intended or in a manner reasonably foreseeable by the manufacturer, this is also known as the "consumer-expectation test."[3] To help establish that a product is defective, a legal inference is created that a product was defective at both the time of injury and the time of sale when the product has malfunctioned during normal operation.[4] Furthermore, circumstantial evidence can prove the product defect, and direct proof is unnecessary.[5] Xerxes manufactured the tanks at LV Petroleum and failed to use reasonable care in the manufacture of the tanks. The tanks failed to perform safely as an ordinary consumer would expect and failed during their normal operations.

Additionally, in Nevada, when a person accepts to provide a service to a customer, the person is responsible for failure to perform the service with care, skill, reasonable expedience, and faithfulness the thing agreed will be done.[6] If the person does not provide this service with due care, the person is considered negligent and liable for any resulting damage to the customer. Xerxes installed the gas tanks at LV Petroleum and failed to perform this service with care, skill, reasonable expedience, and faithfulness. Xerxes acted negligently when it installed the defective tanks, causing damages to LV Petroleum, as well as damages to customers' vehicles that had been filled with the contaminated fuel.

LV Petroleum serviced and maintained the tanks on a regular basis. It bears repeating that Farmers' investigation revealed that the tanks failed because they were defective. Xerxes' negligence resulted in the primary shell separation from the secondary wall, allowing water to enter into the tanks, resulting in the fuel contamination. Because of Xerxes' negligence LV Petroleum suffered damages to the property ($88,747.60), loss in sales income ($147,586.00), and loss caused by the failure of the diesel gas tank ($35,485.85). In addition, multiple customers have filed claims Against LV Petroleum for damage caused by water in the vehicle gas tanks, as well as loss caused by the failure of LV Petroleum's

---

[1] Section 402A of the Restatement (Second) of Torts has been expressly adopted under Florida law. See Rivera v. Philip Morris, Inc., 125 Nev. 185, 209 P.3d 271 (2009).
[2] See Central Tel. Co. v. Fixtures Mfg., 103 Nev. 298, 738 P.2d 510 (1987).
[3] Ginnis v. Mapes, 86 Nev. 408, 470 P.2d 135 (1970).
[4] Krause, Inc. v. Little, 117 Nev. 929, 34 P.3d 566 (2001).
[5] Krause, Inc. v. Little, 117 Nev. 929, 34 P.3d 566 (2001).
[6] Dow Chemical Co. v. Mahlum, 970 P.2d 98 (NV 1998).

premium gas tank. These two elements of damages are in the process of being quantified. Under Nevada law, Xerxes is liable for all of the above losses.

## Damages

Therefore, at this time, Farmers is seeking reimbursement in the amount of $271,819.45. These damages break down as follows: Property damage in the amount of $88,747.60, business income loss in the amount of $147,586.00, and damages caused by the failed diesel tank in the amount of $35,485.85.

Attached is supporting documentation for these damages. Upon receipt of this correspondence and review of the materials, please contact me at your earliest convenience to discuss this matter further. I may be reached directly at (702) 331-4010 ext. 237, or by email at rjohnson@williamsassociatespc.com. Thank you for your prompt attention to this matter.

Sincerely,

Roberta Ohlinger-Johnson, Esq.

Enclosures.